UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE ROOKS, | ) No. ED CV 06-00462-VBK |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and certified Administrative Record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    Plaintiff's first and second issues are related, and pertain to

the Administrative Law Judge's ("ALJ") determination that Plaintiff does not suffer from a severe mental impairment. Plaintiff asserts that the ALJ failed to consider psychiatric evaluations from his treating physicians (Issue One), and did not appropriately consider his mental impairment (Issue Two).

The ALJ relied upon a psychiatric consultative examination ("CE") performed in February 2004 by Dr. Linda Smith. (AR 20, 214-222.) Dr. Smith wrote extensively about Plaintiff's self-reporting, and about his behavior during her examination. Dr. Smith's evaluation of Plaintiff's self-reporting is best summed up by her statement that, "None of this was credible." (AR 215.) According to Dr. Smith, Plaintiff's behavior during the examination was characterized by a combination of feigning, exaggeration, presentation of rehearsed answers, and a lack of credibility in historical reporting. (See, Id.) Dr. Smith found no severe mental impairment, a conclusion which the ALJ adopted.

Plaintiff's complaint is that the ALJ failed to accord any credibility to the conclusions of two "treating" physicians, Dr. Montenegro and Dr. Sekhon. Indeed, the ALJ found that the opinions of these physicians would be discounted because they "uncritically accepted the [Plaintiff's] reports as true without assessing whether the [Plaintiff] was exaggerating his mental symptoms or being manipulative." (AR 21.) In order to assess whether the ALJ's rejection of these reports is valid, a chronology of Plaintiff's mental health treatment provides some context. After Dr. Smith rendered her consultative report in February 2004, the SSA on March 25, 2004 made an initial determination to deny Plaintiff's DIB and SSI claims. (AR 24, 26, 348-349.) Within a week, Plaintiff reported for

psychiatric treatment to Arrowhead Regional Medical Center. (AR 252-254.) Dr. Sekhon's admissions evaluation on that date constitutes one of the treating source records which Plaintiff complains the ALJ failed to properly evaluate. Reading that evaluation, however, it is clear that Dr. Sekhon uncritically relied upon Plaintiff's extreme descriptions of present and historic visual and auditory hallucinations. (See AR at 340-344.)  The ALJ noted substantial contradictions between Plaintiff's self-reporting of such things as hallucinations, commencing in October 2004, with the fact that none of these asserted symptoms had previously been reported by him.  For example, as the ALJ notes, Plaintiff had not reported these symptoms to Dr. Smith, nor were they mentioned in his SSA disability application. Despite Plaintiff's claim that since the sixth grade he had had severe hallucinations, the ALJ noted that, "It would be surprising for a person who has seen demons, angels and dragons ever since sixth grade to not take any medications...and to be not followed psychiatrically..." (AR 21.)  A progress note by a psychiatric intern from May of 2005 notes that Plaintiff articulated, "I was delusional years ago and didn't even know it." (AR 268.)  This substantially contradicts Plaintiff's claim on admission to the facility a year earlier that he was delusional, and had been so for many years.

On November 3, 2004, a month after presenting to the San Bernardino County Department of Behavioral Health, Plaintiff received an evaluation from Dr. Montenegro. (AR 332-333.)  This is the second treating opinion which Plaintiff claims should have been accepted by the ALJ.  Dr. Montenegro diagnosed probable bipolar disorder (AR 333), and after the ALJ issued his decision, she submitted a check-off form to the Appeals Council which delineated a variety of marked and

extreme functional impairments. (AR 354-355.)

The ALJ based his rejection of Plaintiff's "treating" sources on the fact that these sources uncritically accepted Plaintiff's self-reporting, which almost totally lacked credibility. He only sought treatment for an asserted mental impairment after his DIB and SSI claims were denied at the initial administrative level. The treatment notes reflect a lack of compliance with treatment, including missed sessions, leaving sessions early, and the like. While he denied auditory or visual hallucinations during his examination by Dr. Smith (AR 219), when he reported to the San Bernardino County facility less than two months later, he reported that he heard voices and felt paranoid. (AR 252.)

The conclusions of Plaintiff's "treating" sources are not supported by reported clinical testing or examinations which might have lent them some support. The ALJ is not required to accept conclusory statements of treating sources which are unsupported by objective findings. For example, "check-off" forms are disfavored, especially when they are unsupported by objective findings. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996), citing Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983). See also Magallanes v. Bowen, 881 F.2d 749, 751 (9th Cir. 1989).

Other than asserting that the ALJ should have given credence to Plaintiff's "treating" sources, Plaintiff fails to demonstrate how the conclusions of these sources are in any manner supported by objective evidence, or how they rely on anything other than Plaintiff's suspect and subjective self-reporting. Curiously, Plaintiff does not challenge the credibility findings made by the ALJ, which form the cornerstone of his basis for not accepting the conclusions of these

4

sources. The Court finds that the ALJ's conclusions as to Plaintiff's lack of credibility are well supported by the record, that the "treating" sources relied almost entirely on this self-reporting, and for that reason, the ALJ's rejection of the opinions of these sources is supported by substantial evidence. There was no error in the determination that Plaintiff does not have a severe mental impairment.

For the foregoing reasons, the decision of the ALJ will be affirmed, and this matter will be ordered dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:  February 7, 2007

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE